LITTLEFIELD (ORR v.). See Case No. 10,-590.

LITTLEFIELD (PERRY v.). See Cases Nos. 11,007 and 11,008.

---

## Case No. 8,401.

### The LITTLE GIANT.

[2 Biss. 23; 4 Alb. Law J. 50.] [1]

Circuit Court, N. D. Illinois. July Term, 1868.

COLLISION—CROWDED THOROUGHFARE—SPEED.

A tug is in fault which, in a crowded thoroughfare, like the Chicago river, proceeds at the rate of over five miles an hour.

[2] [From 4 N. B. R. 257 (Quarto, 77).]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 Alb. Law J. 50, contains only a partial report.]

Appeal from decree of district court in favor of James McNamara and others, owners of the schooner Lizzie Throop, and against the tugs Little Giant and Wm. L. Ewing, for damages caused by a collision in the Chicago river.

Reynolds & Phelps, for libellants.
Rae & Mitchell, for respondents.

DAVIS, Circuit Justice. This is a case of collision on the Chicago river, and the question presented on appeal is, whether the Little Giant was in fault, as both tugs were condemned by the district court and the Ewing did not appeal. The Little Giant was conveying up the river in daylight the schooner Lizzie Throop, and had passed through Rush street bridge, and in attempting to pass through the north draw of State street bridge, collided with the tug Ewing, and, in backing, injured the tow. The libel was filed against both tugs for this injury. The Little Giant was in fault, because the rate of speed at which she was proceeding, at least five miles an hour, some witnesses say six, was not careful navigation in a crowded thoroughfare like the Chicago river. If these officers had been mindful of their duty and proceeded slowly, the accident would not have occurred. It was reckless conduct on their part to take the north draw when a propeller was in the way, and if they had been watchful and careful they could have seen the Ewing coming down. Although the evidence in this case is conflicting, as is usual in cases of the kind, on no theory which can properly be taken of it, can the Little Giant be freed from fault. The decree of the district court is affirmed, with interest.